SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No. CR-11-0282-PR |
| Appellee, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division One |
| | ) | No. 1 CA-CR 10-0381 |
| GARY WAYNE GIPSON, JR., | ) | |
| | ) | Maricopa County |
| Appellant. | ) | Superior Court |
| | ) | No. CR2008-159515-001 DT |
| | ) | |
| | ) | |
| | ) | **O P I N I O N** |
| _____ | ) | |

Appeal from the Superior Court in Maricopa County
The Honorable J. Richard Gama, Judge

**AFFIRMED**

_____

Memorandum Decision of the Court of Appeals, Division One
Filed July 28, 2011

**AFFIRMED**

_____

THOMAS C. HORNE, ARIZONA ATTORNEY GENERAL                 Phoenix
     By   Kent E. Cattani, Chief Counsel, Criminal
          Appeals/Capital Litigation Section
          Barbara A. Bailey, Assistant Attorney General
          Joseph T. Maziarz, Assistant Attorney General
Attorneys for State of Arizona

DWANE CATES LAW GROUP, PLLC                               Phoenix
     By   Dwane M. Cates
Attorneys for Gary Wayne Gipson, Jr.

_____

**H U R W I T Z**, Vice Chief Justice

¶1       We are asked to decide whether a trial judge may instruct a jury on a lesser included offense supported by the evidence over objections from the defense and the prosecution. We hold that, although a judge should hesitate to give the instruction in such circumstances, it was not reversible error in this case to do so.

**I.**

¶2       Gary Wayne Gipson, Jr. and Billy Joe Huff, Jr. had a financial dispute about a business venture.[1]  Huff, accompanied by his father, drove to Gipson's house to resolve matters.

¶3       Huff went to the door while his father waited in the car.  When Gipson came outside, he exchanged words with Huff and punched him.  After Huff hit Gipson back, Gipson pulled out a gun and shot Huff.  Huff ran toward the car and Gipson fired several more shots, one of which hit Huff in the back.  Huff died in the hospital that night.

¶4       Gipson was indicted for first degree murder, illegal discharge of a firearm, and aggravated assault.  The State did not seek the death penalty.  At trial, the judge *sua sponte* instructed the jury on second degree murder over Gipson's objection and on manslaughter over the objections of both Gipson and the State.  The jury acquitted Gipson of first degree murder

---

[1]     "We view the facts in the light most favorable to upholding the verdicts." *State v. Chappell*, 225 Ariz. 229, 233 ¶ 2 n.1, 236 P.3d 1176, 1180 n.1 (2010).

and was unable to reach a verdict on second degree murder, but found Gipson guilty of manslaughter. The jury was unable to reach a verdict on aggravated assault, but found Gipson guilty on the firearms charge.

¶5        On appeal, Gipson conceded that the evidence supported the manslaughter instruction, but argued that the trial judge erred by giving it over the objections of both parties. *State v. Gipson*, No. 1 CA-CR 10-0381, 2011 WL 3211057, at *1 ¶ 9 (Ariz. App. July 28, 2011) (mem. decision). The court of appeals affirmed, finding "no authority for Gipson's contention that a court errs by choosing to give a proper lesser-included instruction over both sides' objections." *Id.*

¶6        We granted review to resolve an issue of statewide importance. We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II.

### A.

¶7        Gipson first argues that he had an absolute right to present an "all or nothing" defense to the first degree murder charge. He cites *State v. Krone*, 182 Ariz. 319, 323, 897 P.2d 621, 625 (1995), in which we said that "[a] defendant should not have a lesser included instruction forced upon him," and *State v. Rodriguez*, 186 Ariz. 240, 249, 921 P.2d 643, 652 (1996), in

3

which we said that "[i]f [the defendant] objects, the instruction should not be given."

¶8       *Krone* and *Rodriguez*, however, were capital cases. In each case, this Court discussed the trial court's obligation in capital cases under *Beck v. Alabama*, 447 U.S. 625, 644-45 (1980), to instruct on lesser included offenses. In *State v. Vickers*, this Court interpreted *Beck* to require *sua sponte* instructions in capital cases on all lesser included offenses supported by the evidence. 129 Ariz. 506, 513, 633 P.2d 315, 322 (1981). In *Krone* and *Rodriguez*, the defendants claimed that the trial court had violated the *Beck* rule. *Krone*, 182 Ariz. at 323, 897 P.2d at 625; *Rodriguez*, 186 Ariz. at 249, 921 P.2d at 652.

¶9       In response, we clarified that the *Beck* rule is not absolute. *See Krone*, 182 Ariz. at 323, 897 P.2d at 625 ("[E]ven when otherwise warranted by the evidence, *Beck* does not always require a lesser included instruction.") (citing *Spaziano v. Florida*, 468 U.S. 447 (1984)). Taken to its logical conclusion, *Beck* would require a lesser included offense instruction even when the defendant objected to it. But, because "the *Beck* rule rests on the premise that a lesser included offense instruction in a capital case is of benefit to the defendant," *Spaziano*, 468 U.S. at 456, such an approach would make no sense. It was in this context that we said that "[a] defendant should not have a

4

lesser included instruction forced upon him." *Krone*, 182 Ariz. at 323, 897 P.2d at 625. Thus, a defendant may waive any right to a lesser included instruction in a capital case by objecting to the instruction; the trial judge is not bound by *Beck* to give the instruction under such circumstances.

¶10     *Rodriguez* illustrates the point. There, the defendant submitted a request for lesser included instructions, but later withdrew it. 186 Ariz. at 249, 921 P.2d at 652. Accordingly, the trial court instructed "only on first degree murder." *Id.* On appeal, Rodriguez claimed that the court's failure to instruct *sua sponte* on second degree murder violated the rule in *Beck*. Because withdrawal of a requested instruction is "tantamount to an objection to the instruction," however, we found that the trial judge was relieved of any obligation to give the instruction. *Id.*

¶11     Gipson's reading of *Krone* and *Rodriguez* as affording a defendant the absolute right to an "all or nothing" defense thus interprets those cases too broadly. *See State v. Cruz*, 189 Ariz. 29, 32, 938 P.2d 78, 81 (App. 1996) (observing that *Krone* and *Rodriguez* "do not control whether the court must *refuse* to instruct on lesser-included offenses when the state requests those instructions, and the defendant objects"). Indeed, our rules make clear that the State is entitled to lesser included instructions when the evidence so warrants. *See* Ariz. R. Crim.

5

P. 13.2(c) cmt. (noting that Rule 13.2(c) "clarifies the prosecutor's right to request instructions as to necessarily included offenses"); Ariz. R. Crim. P. 23.3 cmt. ("Rules 13.2(c) and 23.3 make clear that the prosecutor . . . is entitled to an instruction on any offense for which there is evidentiary support and for which a verdict form is submitted to the jury.").

**B.**

¶12    Alternatively, Gipson argues that the trial judge erred by instructing on manslaughter over both parties' objections.  This argument also fails.

¶13    We once required trial judges to instruct on every lesser included offense supported by the evidence in *all* homicide cases, whether or not such an instruction was requested.  *See State v. Madden*, 104 Ariz. 111, 114, 449 P.2d 39, 42 (1969).  But that approach was subsequently abandoned through an amendment to Arizona Rule of Criminal Procedure 21.3(c).  *See* Ariz. R. Crim. P. 21.3(c) cmt.  Gipson argues that because judges are no longer invariably required in non-capital cases to instruct on lesser included offenses supported by the evidence, they are prohibited from doing so when both parties object to the instruction.

¶14    That argument finds no support in our rules.  To the contrary, Rule 23.3 provides that "[f]orms of verdict shall be

6

submitted to the jury for all offenses necessarily included in the offense charged."[2]  Although Rule 23.3 does not mandate that a lesser included offense instruction be submitted over the objections of the defendant and the state, it plainly does not preclude the trial judge, in the exercise of his discretion, from doing so.  Moreover, Rule 13.2(c) provides that "[s]pecification of an offense in an indictment, information, or complaint shall constitute a charge of that offense and of all offenses necessarily included therein."  Thus, the defendant is on notice from the beginning of the proceedings against him that the jury may be asked to consider any lesser included offenses supported by the trial evidence.[3]

¶15     We do not suggest that, in exercising their discretion, trial judges should ignore the objections of both the defendant and the state to a lesser included offense instruction.  "In general the trial judge should withhold

---

[2]   An offense is necessarily included "when it is lesser included" and "the facts of the case as presented at trial are such that a jury could reasonably find that only the elements of a lesser offense have been proved." *State v. Wall*, 212 Ariz. 1, 3 ¶ 14, 126 P.3d 148, 150 (2006).

[3]   Gipson does not claim that the State had suggested before instructions were settled that it did not intend to pursue a manslaughter conviction.  Thus, we are not confronted today with a case in which the defendant was surprised by or unable to prepare a defense to the necessarily included charge.  *Cf*. *Ramsey v. State*, 996 A.2d 782 (Del. 2010) (reversing a conviction for a lesser included offense after a bench trial in which the judge considered the offense without giving notice to the defendant).

charging on lesser included offense[s] unless one of the parties requests it, since that charge is not inevitably required in our trials, but is an issue best resolved, in our adversary system, by permitting counsel to decide on tactics." *Walker v. United States*, 418 F.2d 1116, 1119 (D.C. Cir. 1969); *accord State v. Cox*, 851 A.2d 1269, 1273-74 (Del. 2003); *Hagans v. State*, 559 A.2d 792, 804 (Md. 1989).

¶16 Gipson cites no case, however, in which an appellate court has reversed a conviction solely because a trial judge gave a lesser included instruction that was supported by the evidence. Nor have we discovered any such case. Indeed, in *People v. Garcia*, the Illinois Supreme Court, while cautioning trial judges to "exercise restraint" in instructing *sua sponte* on lesser included offenses, refused to reverse a conviction on this ground. 721 N.E.2d 574, 582-83 (Ill. 1999) (noting the societal interest in "avoiding the unjustified exoneration of wrongdoers and in punishing a defendant only to the extent of his crime").

¶17 We agree with the approach taken by the *Garcia* court. When both parties object to a lesser included offense instruction, the trial court should be loath to give it absent compelling circumstances to the contrary. But if the instruction is given and supported by the evidence, a resultant conviction for the lesser included offense does not violate the

defendant's constitutional rights or contravene any Arizona statute or rule. Because the manslaughter instruction in this case was supported by the evidence, Gipson's conviction must stand.

### III.

¶18    For the reasons above, we affirm the memorandum decision of the court of appeals and affirm Gipson's convictions and sentences.


_____
                    Andrew D. Hurwitz, Vice Chief Justice

CONCURRING:


_____
Rebecca White Berch, Chief Justice


_____
W. Scott Bales, Justice


_____
A. John Pelander, Justice


_____
Robert M. Brutinel, Justice