NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

ROY DEAN MEDLIN,
*Appellant*.

No. 1 CA-CR 21-0506
FILED 10-18-2022

Appeal from the Superior Court in Mohave County
No. S8015CR202001140
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Harris & Winger, PC, Flagstaff
By Chad Joshua Winger
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Randall M. Howe and Judge D. Steven Williams joined.

---

**W E I N Z W E I G**, Judge:

**¶1**            Roy Medlin appeals his felony conviction and sentence for second degree murder.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**            Medlin rented an extra bedroom in his Mohave County home to the victim and the victim's wife.  The victim's stepson lived in a trailer in Medlin's backyard.  In October 2020, after a dispute over unpaid rent, Medlin shot and killed the victim.  Medlin was indicted for second-degree murder, a class 1 felony.

**¶3**            When discussing jury instructions on the first day of trial, the superior court asked whether the parties wanted to include a manslaughter jury instruction as a lesser-included offense.  The prosecutor did not request a manslaughter instruction, and defense counsel answered that he was "not going to ask for" a manslaughter instruction.  At that point, the court said, "Okay.  So I don't have to worry about that."

**¶4**            After a five-day trial, the jury found Medlin guilty of second-degree murder.  The superior court sentenced Medlin to the minimum, mitigated sentence of ten years.  Medlin timely appealed.  We have jurisdiction.  *See* Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶5**            Medlin contends the superior court should have instructed the jury on the lesser-included offense of manslaughter, even though his attorney declined that instruction.  He asks us to review for fundamental error. The State counters that any error was invited error because Medlin's counsel declined the court's offer to include a manslaughter jury instruction.

**¶6**         We review the superior court's decision not to provide a jury instruction for an abuse of discretion. *State v. Solis*, 236 Ariz. 285, 286, ¶ 6 (App. 2014).  The court may issue a jury instruction "on any theory reasonably supported by the evidence." *State v. Rodriguez*, 192 Ariz. 58, 61, ¶ 16 (1998).

**¶7**         The superior court did not abuse its discretion. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984) ("[Counsel's] strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").  As the Arizona Supreme Court stated: "When both parties object to a lesser included offense instruction, the trial court should be loath to give it absent compelling circumstances to the contrary." *State v. Gipson*, 229 Ariz. 484, 487, ¶ 17 (2012).  That decision is "best resolved . . . by permitting counsel to decide on tactics." *Id*. at 487, ¶ 15.

**¶8**         Even so, Medlin argues we should review for fundamental error.  At most, however, any error was invited by Medlin's defense attorney and Medlin cannot "profit[] from the error on appeal." *See State v. Lucero*, 223 Ariz. 129, 134, 135, ¶¶ 12, 17 (App. 2009); *see also State v. Fish*, 222 Ariz. 109, 132, ¶ 79 (App. 2009).  "A defendant is ordinarily bound by his or her counsel's actions concerning the conduct of a trial," including whether to "pursue particular arguments at trial." *State v. Emedi*, 251 Ariz. 78, 82-83, ¶¶ 16, 18 (App. 2021).

**¶9**         Lastly, Medlin contends the superior court should have treated his attorney's strategic decision like a plea agreement, and asked Medlin whether he "knowingly, intelligently, and voluntarily" concurred with the decision to refuse a manslaughter instruction.  We disagree.  Medlin offers no authority for his argument, *see* ARCAP 13(a)(7), and defense counsel's strategic decisions are not subject to the requirements of plea agreements.

**CONCLUSION**

**¶10**         We affirm Medlin's conviction and sentence.

