NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ROBERT JOHN INTERVAL, *Petitioner*.

No. 1 CA-CR 23-0496 PRPC

FILED 09-17-2024

Petition for Review from the Superior Court in Maricopa County
No. CR2017-126548-001
The Honorable David J. Palmer, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Robert John Interval, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Vice Chief Judge Randall M. Howe joined.

---

**P E R K I N S**, Judge:

**¶1** Robert John Interval petitions this court for review from the dismissal of his petition for post-conviction relief ("PCR"). We have considered the petition for review and, for the reasons stated, grant review and deny relief.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2** A grand jury indicted Interval with one count of first-degree murder. At trial, the jury convicted Interval of the lesser included offense of second-degree murder and the superior court sentenced him accordingly. In a previous appeal, Interval challenged the sufficiency of the evidence and the admission of prior bad acts. *State v. Interval*, 1 CA-CR 19-0325, 2020 WL 6501859, at *1, ¶ 1 (App. Nov. 5, 2020). We rejected those claims and affirmed his conviction and sentence. *Id.*

**¶3** Interval filed a notice of post-conviction relief. Counsel found no colorable claims after reviewing the record. Interval filed a pro per petition, claiming that instructing the jury on second-degree murder violated his due process rights, subjected him to double jeopardy, and that counsel proved ineffective when he failed to object to the lesser included instruction. The trial court dismissed the petition.

**¶4** Interval petitioned for review. We review a superior court's ruling on a PCR petition for an abuse of discretion. *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021).

## DISCUSSION

### I. Jury Instructions

**¶5** Interval again challenges the jury instructions for second-degree murder. But he waived this claim by failing to raise it on appeal. Ariz. R. Crim. P. 32.2(a)(3); *see State v. Carver*, 160 Ariz. 167, 175 (1989)

("Failure to argue a claim usually constitutes . . . waiver of that claim."). And his argument lacks merit. A defendant is on notice for a lesser included offense instruction and the superior court may instruct the jury on a lesser included offense over the parties' objections. *State v. Gipson*, 229 Ariz. 484, 486–87, ¶ 14 (2012) ("[T]he defendant is on notice from the beginning of the proceedings against him that the jury may be asked to consider any lesser included offenses.").

## II.     Sufficient Evidence

¶6          Interval also complains that the State presented insufficient evidence to convict him of second-degree murder. A challenge against the sufficiency of the evidence is not a cognizable ground for relief under Rule 32. *See State v. Evans*, 252 Ariz. 590, 597, ¶ 18 (App. 2022). And this court finally adjudicated this claim on the merits in his appeal, thus precluding us from considering it again now. Ariz. R. Crim. P. 32.2(a)(2). Interval makes other "vague and conclusory or wholly incredible" complaints we need not address. *State v. Krum*, 183 Ariz. 288, 295 (1995) (cleaned up). Interval identified no valid basis for relief.

## CONCLUSION

¶7          We grant review and deny relief.

