NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRAYLAND REAGOR, *Appellant.*

No. 1 CA-CR 25-0079

FILED 12-08-2025

Appeal from the Superior Court in Maricopa County
No. CR2022-122423-001
The Honorable Kevin B. Wein, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Cynthia J. Bailey joined.

---

**W E I N Z W E I G**, Vice Chief Judge:

**¶1**  Brayland Reagor appeals his armed robbery conviction and sentence, arguing the superior court should have instructed the jury on theft as a lesser-included offense and provided a *Willits*[1] instruction because of missing video evidence.  We affirm his conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**  We view the facts and inferences in the light most favorable to sustaining the jury's verdict.  *Gonzales v. City of Phoenix*, 203 Ariz. 152, 153, ¶ 2 (2002).

**¶3**  Reagor entered a Famous Footwear store in June 2022 and tried to steal a pair of shoes, hiding them in his pants.  Ally and John (pseudonyms), employees at the store, confronted Reagor and asked him to leave.  John took the shoes back from Reagor and they argued until Reagor left the store.

**¶4**  Minutes later, Reagor returned to the store and said, "I got something for you in my bag" before he pulled out and waved a knife.  Ally told John to "back up," while Reagor grabbed a pair of red and white Vans and exited the store.  Ally called 911.

**¶5**  A police officer arrested Reagor near the store about 90 minutes later.  Reagor had a knife in his pocket along with the stolen shoes.  Asked what happened, Reagor told police, "I only pulled the knife because he touched me."

---

[1]  A *Willits* instruction tells jurors that they may infer from the State's loss or destruction of material evidence that the evidence would have been unfavorable to the State.  *State v. Willits*, 96 Ariz. 184, 191 (1964); *State v. Fulminante*, 193 Ariz. 485, 503, ¶ 62 (1999).

**¶6** Police requested the store's security video two days after the incident. The store sent three still photos but never sent the actual video. The photos did not show Reagor holding a knife. Ally told police that Reagor used a knife during the incident. The State charged Reagor with armed robbery and aggravated assault.

**¶7** A jury trial was held. Reagor never requested a jury instruction on theft as a lesser-included offense. On the last day of trial, Reagor requested a *Willits* instruction because the State failed to preserve the store's security footage. The superior court found the State failed to preserve the video but denied the instruction, concluding Reagor had not shown the video would likely exonerate him. Reagor emphasized the missing video in his closing argument, along with the absence of a knife in the photos. The jury convicted Reagor of armed robbery but acquitted him of aggravated assault. The jury found the robbery "involved the use of a deadly weapon or dangerous instrument." The superior court enhanced Reagor's sentencing because of the prior felonies he admitted to. The court sentenced him to 15.75 years.

**¶8** Reagor successfully filed a delayed notice of appeal. We have jurisdiction. A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶9** Reagor argues the superior court erred by not providing a jury instruction on its own accord for theft as a lesser-included offense of armed robbery and by rejecting a *Willits* instruction.

## I. Lesser-Included Offense Instruction.

**¶10** Reagor argues the superior court erred by not providing a theft jury instruction on its own accord as a lesser-included offense to armed robbery. We review for fundamental error because Reagor did not object at trial. *See State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018). He must show an error that is both fundamental and prejudicial. *Id.* at 142, ¶ 21.

**¶11** We discern no error. Arizona law does not require trial court judges to offer jury instructions for lesser-included offenses unless requested. *State v. Gipson*, 229 Ariz. 484, 487, ¶ 15 (2012) ("[T]he trial judge should withhold charging on lesser included offense[s] unless one of the parties requests it.") (citation modified). Reagor never requested a jury instruction for theft at trial, so the court did not err.

**¶12** Even assuming error, Reagor has not shown prejudice because the record has ample evidence to prove armed robbery, not mere theft, including (1) Ally's testimony that Reagor brandished a knife, (2) Ally's description of the incident to the 911 operator as it happened, (3) police found a knife on Reagor shortly after the incident, and (4) Reagor admitted he pulled the knife. No reasonable jury could have concluded Reagor committed only theft because the differentiating element—use of a deadly weapon—was proven beyond doubt.

## II. *Willits* Instruction.

**¶13** Reagor further argues the superior court should have given a *Willits* instruction because the State did not preserve the store's security footage.

**¶14** To obtain a *Willits* instruction, Reagor must prove: (1) the State failed to preserve material evidence that could have exonerated him, and (2) prejudice. *State v. Glissendorf*, 235 Ariz. 147, 150, ¶ 8 (2014). He must show "a real likelihood that the evidence would have had evidentiary value," not mere speculation. *Id.* at ¶ 9.

**¶15** Reagor has not shown the State failed to preserve material evidence that could have exonerated him. Police never received the video from Famous Footwear. And Reagor only speculates the video would have shown no knife and assumes the store withheld the video from police because it did not show a knife. Beyond that, the jury heard overwhelming evidence that Reagor used a knife, including his own admission.

## CONCLUSION

**¶16** We affirm.

