IN THE SUPREME COURT OF THE STATE OF ARIZONA
En Banc

| | | |
|---|---|---|
| CAROLYN JUNE PEAK, | ) | Arizona Supreme Court |
| | ) | No. CV-02-0147-SA |
| Petitioner, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division Two |
| | ) | No. 2 CA-SA 02-0028 |
| HON. EDGAR ACUNA, JUDGE OF THE | ) | |
| SUPERIOR COURT OF THE STATE OF | ) | Pima County Superior Court |
| ARIZONA, in and for the County of Pima, | ) | No. CR-65137 |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STATE OF ARIZONA, | ) | **O P I N I O N** |
| | ) | |
| Real Party in Interest. | ) | |
| | ) | |

Petition for Special Action
From the Superior Court in Pima County
The Honorable Edgar B. Acuna, Judge

RELIEF GRANTED WITH INSTRUCTIONS

Susan A. Kettlewell, Pima County Public Defender                 Tucson
        By:    Lisa M. Hise
               Harold L. Higgins
Attorneys for Petitioner

Barbara LaWall, Pima County Attorney                             Tucson
        By:    David R. White
Attorneys for Real Party in Interest

FELDMAN, Justice

¶1     Carolyn June Peak (Defendant) petitions us to review the court of appeals' order declining jurisdiction in a special action proceeding filed by her.

¶2     Defendant's husband was killed in his sleep by a single shot from Defendant's gun, which was kept in her husband's nightstand. There was evidence that would have supported a finding of suicide. Other evidence supported a finding that Defendant's daughter might have been the killer. Although there was some evidence of motive, there was no direct or physical evidence indicating Defendant was the killer. Defendant was nevertheless charged with first-degree murder. The trial judge instructed the jury on first- and second-degree murder as well as on manslaughter. The jury acquitted Defendant of first-degree murder and of the lesser charge of manslaughter but convicted her of second-degree murder.

¶3     Defendant moved to dismiss the charges "because the jury's verdict [was] a nullity" and for a new trial pursuant to Rule 24.1, Ariz.R.Crim.P., on the grounds that the verdict was contrary to law or against the weight of the evidence. She also moved for dismissal of the charges and a judgment of acquittal pursuant to Rule 20, Ariz.R.Crim.P., on the grounds that the evidence was insufficient to support a conviction. The trial judge granted Defendant's motion for a new trial.

¶4     The state appealed that order. The court of appeals affirmed the trial judge's order granting the new trial. *State v. Peak*, No. 2 CA-CR 00-0297 (filed September 25, 2001) (mem. dec.). Neither party sought review by this court. Back in the trial court, Defendant moved to dismiss the second-degree murder charge because of the acquittal on the lesser-included offense of manslaughter. A different judge denied the motion, and Defendant sought special action relief in the court of appeals. That court declined jurisdiction, and Defendant now seeks dismissal through special action in this court.

¶5     Defendant claims that retrial would violate the double jeopardy clause of the United States Constitution and article II, § 10 of the Arizona Constitution. She argues that because manslaughter is a lesser-included offense of second-degree murder, her acquittal of manslaughter bars the state from

2

retrying her for second-degree murder. A lesser-included offense is one that contains all but one of the elements of the greater offense. Logically, therefore, if one has not committed the lesser offense, one cannot have committed the greater. *See State v. Amarillas*, 141 Ariz. 620, 623, 688 P.2d 628, 631 (1984) (greater offense cannot be committed without committing lesser); *State v. Welch*, 198 Ariz. 554, 12 P.3d 229 (App. 2000) (same).

¶6        But the relevant statute in the present case is unusual. Instead of deleting an element of the greater offense, it specifies a different circumstance as a requirement to find the lesser offense:

> A.    A person commits manslaughter by:
>
> * * *
>
> 2.    Committing second degree murder . . . upon a sudden quarrel
> or heat of passion resulting from adequate provocation by the
> victim; . . . .

A.R.S. § 13-1103. Thus, Defendant's acquittal of manslaughter does not necessarily mean that she did not commit second-degree murder. It might well have meant that the jury found Defendant had not acted after a sudden quarrel or in the heat of passion. This is quite likely, given the fact that the victim was shot in his sleep and that the jury convicted on the second-degree murder charge. We therefore conclude that retrial is not barred by double jeopardy.

¶7        But another and more serious issue is presented by this case. The trial judge stated in her order vacating the verdict of guilt of second-degree murder and ordering retrial that her decision was not based on any trial error but, rather, on the quality or quantity of the evidence. The question, then, is whether double jeopardy bars retrial when a verdict is vacated because the evidence was insufficient or because the verdict was against the weight of the evidence.

¶8        When a conviction is reversed for insufficiency of evidence, the reversal is, in effect, an implied acquittal of the charges. Therefore, double jeopardy precludes retrial. *State v. Ortiz*, 120 Ariz. 384, 586 P.2d 633 (1978).

> The Court held further that the Double Jeopardy Clause prohibits a
> second trial to afford the prosecution another chance to provide evidence
> which it failed to muster at the first trial. "This is central to the objective
> of the prohibition against successive trials [which is within the protection

of the Double Jeopardy Clause]."

*Id.* at 386, 586 P.2d at 635 (quoting *Burks v. United States*, 437 U.S. 1, 11, 98 S.Ct. 2141, 2147 (1978)).

**¶9**	But a conviction may also be vacated and a new trial ordered if the trial judge believes the conviction is against the weight of the evidence. Rule 24.1, Ariz.R.Crim.P.; *State v. Thomas*, 104 Ariz. 408, 411-12, 454 P.2d 153, 156-57 (1969) (trial judge has duty to set aside verdict he or she feels is against weight of evidence; judge's decision will be reviewed only for abuse of discretion). Thus, when reversal of a conviction is based on the weight of the evidence — the so-called thirteenth juror rule — the reversal is ordered because the trial judge simply disagrees with the jury's resolution of conflicting facts and there is no implied acquittal. Double jeopardy therefore does not apply to convictions reversed or vacated because the judge concludes that the weight of the evidence is contrary to the verdict. *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211 (1982); *see also Korzep v. Superior Court*, 172 Ariz. 534, 838 P.2d 1295 (App. 1991).

**¶10**	We believe the *Tibbs* exception to the *Burks* rule is correct and therefore adopt it in Arizona and apply it to this case. Thus, we must determine whether the trial judge's order was based on a finding that the evidence was insufficient to support a conviction or the verdict was simply against the weight of the evidence. As noted, the trial judge granted a new trial rather than a dismissal. It would therefore seem that the judge's order was based on Rule 24.1 and a finding that the verdict was against the weight of the evidence. This was the view of the court of appeals. *Peak*, mem. dec. at 3-4 ¶¶ 9-10. However, the judge's specific finding is in the following words:

> THE COURT FINDS THAT the jury's verdict finding the Defendant guilty of Second Degree Murder is contrary to the weight of the evidence *and* that the State did not prove the charge of Second Degree Murder beyond a reasonable doubt.

Minute Entry, July 6, 2000 (Order), at 2 (emphasis added).

**¶11**	This finding, of course, could be interpreted in several ways. One possible interpretation is that the judge found the verdict was both against the weight of the evidence and that the evidence

4

was insufficient to prove guilt beyond a reasonable doubt.[1]  Rather than speculate as to the judge's meaning or her intent, we believe it would be best that the judge who presided at trial clarify her ruling. If the relief granted by the Order was based solely on the finding that the verdict was against the weight of the evidence, the judge may proceed with a new trial on any charge not barred by double jeopardy. If, on the other hand, the judge based her order on a finding that the evidence was insufficient to prove guilt beyond a reasonable doubt or that it was both insufficient for that purpose and against the weight of the evidence, then double jeopardy would be applicable and the second-degree murder charge should be dismissed with prejudice.

## CONCLUSION

¶12      Relief is granted as described above.  The trial court is instructed to proceed in a manner consistent with this decision.

_____
STANLEY G. FELDMAN, Justice

CONCURRING:

_____
CHARLES E. JONES, Chief Justice

_____
RUTH V. McGREGOR, Vice Chief Justice

_____
REBECCA WHITE BERCH, Justice

---

[1] We note also that the trial judge stated she had a duty to "review the evidence to assure that the verdict is supported by proof beyond a reasonable doubt" and that the "power of the Court includes weighing the evidence and considering the credibility of witnesses" under Rule 24.1, Ariz.R.Crim.P. She also indicated she had made no error of law in denying Defendant's Rule 20 motion to dismiss at the close of the state's case.  But, of course, the order granting a new trial was made on both Defendant's motion under Rule 24.1 and renewal of her Rule 20 motion to dismiss.