IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER E. LUA, *Appellant.*

No. 1 CA-CR 12-0819
FILED 07-29-2014

Appeal from the Superior Court in Mohave County
No.  S8015CR20100834
The Honorable Steven F. Conn, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

**OPINION**

Judge Margaret H. Downie delivered the opinion of the Court, in which
Presiding Judge Kent E. Cattani and Judge Michael J. Brown joined.

**D O W N I E**, Judge:

**¶1**          Christopher Lua appeals his convictions and sentences for attempted manslaughter, aggravated assault, misconduct involving weapons, and assisting a criminal street gang.  He raises several issues, all but one of which we resolve in a separate memorandum decision pursuant to Arizona Rule of Criminal Procedure 31.26.  In this opinion, we address Lua's contention he was improperly convicted of a crime that is not a lesser-included offense of the charged offense.  For reasons that follow, we hold that so-called "provocation manslaughter," *see* A.R.S. § 13-1103(A)(2), is a lesser-included offense of second degree murder.  We therefore affirm Lua's attempted manslaughter convictions.

## FACTS AND PROCEDURAL HISTORY[1]

**¶2**          D.G. and D.C. were leaving a convenience store when Lua and other men gathered around a nearby car began verbally taunting them.  Events progressed quickly to a physical altercation.  D.G. and D.C. returned to their vehicle.  After hearing someone yell "coward," D.C. gestured as if he were grabbing something from his car and ran back toward the other vehicle, where Lua was now in the driver's seat.  D.C.'s hand was behind his back as he approached.  When D.C. was approximately two feet away, Lua shot him.  D.G. then ran toward Lua and began grabbing his arm and hitting him.  Lua shot D.G. before fleeing.  During a police interview, Lua admitted shooting D.C. several times but said that he did so because he believed D.C. had a gun and "was going to shoot us."

**¶3**          Lua was originally charged with two counts of attempted first degree murder (counts 1 and 2); two counts of aggravated assault (counts 3 and 4); and one count of assisting a criminal street gang (count 5).  His first trial ended in a mistrial.  The State subsequently charged Lua by separate indictment with one count of misconduct involving weapons arising from the same incident and successfully moved to join the charges under Rule 13.3.  The trial court also granted the State's unopposed motion to amend counts 1 and 2 to reduce the charges to attempted second degree murder.

---

[1]          We view the trial evidence in the light most favorable to sustaining the jury's verdicts.  *See State v. Nelson*, 214 Ariz. 196, 196, ¶ 2, 150 P.3d 769, 769 (App. 2007).

**¶4** At the second trial, the court instructed the jury over Lua's objection regarding the offense of attempted manslaughter upon a sudden quarrel or heat of passion resulting from adequate provocation by the victim ("provocation manslaughter"), which the court ruled was a lesser-included offense of attempted second degree murder. The jury found Lua guilty of two counts of attempted manslaughter, two counts of aggravated assault, one count of assisting a criminal street gang, and one count of misconduct involving weapons. The court sentenced him to concurrent and consecutive prison terms.

**¶5** Lua timely appealed. We have jurisdiction under Article VI, Section 9, of the Arizona Constitution and A.R.S. §§ 12–120.21(A)(1), 13–4031, and –4033(A)(1).

## DISCUSSION

**¶6** We review *de novo* whether a crime is a lesser-included offense of a charged offense.[2] *State v. Cheramie*, 218 Ariz. 447, 448, ¶¶ 6-8, 189 P.3d 374, 375 (2008). Under the "elements test," a lesser-included offense is one that is comprised solely of some, but not all, elements of the greater offense, such that it is impossible to commit the charged crime without also committing the lesser one. *State v. Hines*, 232 Ariz. 607, 610, ¶ 10, 307 P.3d 1034, 1037 (App. 2013).

**¶7** The trial court instructed jurors that the offense of attempted second degree murder includes "the less serious crime of Attempted Manslaughter." It further instructed:

> The State may prove Attempted Manslaughter, but fail to prove the more serious crime of Attempted Second Degree Murder. You are permitted to find the Defendant guilty of the less serious crime of Attempted Manslaughter if:
>
> 1. You determine unanimously that the evidence does not show beyond a reasonable doubt that the Defendant is guilty

---

[2] The State contends our review is limited to fundamental error because Lua's trial objections were inadequate to trigger harmless error review. We disagree. Lua objected to the lesser-included offense instruction based on "the interjection of the extra element," which the trial court clearly understood as questioning whether provocation manslaughter is a lesser-included offense of second degree murder.

of Attempted Second Degree Murder or if after reasonable efforts you cannot agree unanimously whether to acquit or convict on that charge; AND

2. You determine unanimously that the evidence does show beyond a reasonable doubt that the Defendant is guilty of Attempted Manslaughter.

The difference between Attempted Second Degree Murder and Attempted Manslaughter is that Attempted Manslaughter requires that the Defendant attempted to commit the crime of Manslaughter rather than Second Degree Murder.

The crime of Manslaughter has the following elements:

1. The Defendant committed Second Degree Murder; AND

2. The Defendant did so upon a sudden quarrel or heat of passion resulting from adequate provocation by the victim.

The court also instructed jurors regarding second degree murder, stating:

The crime of Second Degree Murder has the following elements:

1. The Defendant caused the death of another person; AND

2. The Defendant intended or knew that his conduct would cause death.

Lua does not challenge the content of these jury instructions; we therefore do not address their substantive adequacy or accuracy.

¶8 According to Lua, *Peak v. Acuna*, 203 Ariz. 83, 84-85, ¶ 6, 50 P.3d 833, 834-35 (2002), stands for the proposition that provocation manslaughter is not a lesser-included offense of second degree murder. We disagree. The defendant in *Peak* was charged with the first degree murder of her husband. 203 Ariz. at 84, ¶ 2, 50 P.3d at 834. At trial, jurors in *Peak* were instructed regarding first degree murder, second degree murder, and provocation manslaughter. *Id.* The jury acquitted Peak of first degree murder and provocation manslaughter but convicted her of second degree murder. *Id.* The superior court ordered a new trial, and the State sought special action review. *Id.* at ¶¶ 3-4. The Arizona

Supreme Court rejected Peak's contention "that because [provocation] manslaughter is a lesser-included offense of second-degree murder, her acquittal of manslaughter bars the state from retrying her for second-degree murder." *Id.* at ¶ 5. The court stated:

> [T]he relevant statute in the present case [A.R.S. § 13-1103(A)(2)] is unusual. Instead of deleting an element of the greater offense, it specifies a different circumstance as a requirement to find the lesser offense . . . .

*Id.* at ¶ 6. The court explained:

> Defendant's acquittal of manslaughter does not necessarily mean that she did not commit second-degree murder. It might well have meant that the jury found Defendant had not acted after a sudden quarrel or in the heat of passion. This is quite likely, given the fact that the victim was shot in his sleep and that the jury convicted on the second-degree murder charge.

*Id.* at 84-85, ¶ 6, 50 P.3d at 834-35. The court ruled that double jeopardy principles did not bar retrying Peak for second degree murder. *Id.*

**¶9**       *Peak* did not suggest, let alone hold, that the "different circumstance" existing for provocation manslaughter is an element of the offense over and above those necessary to prove second degree murder. Black's Law Dictionary 597 (9th ed. 2009) defines "elements of crime" as "[t]he constituent parts of a crime — usu. consisting of the actus reus, mens rea, and causation — that the prosecution must prove to sustain a conviction." Unlike a true element of a charged offense, it is not the State's burden to prove "a sudden quarrel or heat of passion resulting from adequate provocation by the victim." A.R.S. § 13-1103(A)(2). The existence of this "different circumstance," *Peak,* 203 Ariz. at 84, ¶ 6, 50 P.3d at 834, is a question of fact for the jury to determine based on the evidence presented, *cf. State v. Young*, 192 Ariz. 303, 307, ¶¶ 13, 16, 965 P.2d 37, 41 (App. 1998) (under statute making exception for firearms in "permanently inoperable condition," whether a given weapon was permanently inoperable is a question of fact. "Operability of the weapon is not an element of the offense of knowingly possessing a prohibited weapon.").

**¶10**       In *State v. Kamai,* 184 Ariz. 620, 911 P.2d 626 (App. 1995), we considered whether unlawful use of a means of transportation is a lesser-included offense of theft of an automobile. The statute under consideration stated that unlawful use of a means of transportation occurs

when, "without intent permanently to deprive," a person knowingly takes unauthorized control over another's means of transportation. 184 Ariz. at 622, 911 P.2d at 628. The phrase "without intent permanently to deprive" did not appear, though, in the relevant theft statute, which prohibited controlling property of another "with the intent to deprive him of such property." *Id.* This Court held that the phrase "without intent to permanently deprive" in the unlawful use statute did not "describe an element of the crime which the state must prove." *Id.* Instead, it simply distinguished unlawful use from the offense of auto theft. *Id.* By way of analogy, we noted that first degree murder is homicide "with premeditation." *Id.* at 623, 911 P.2d at 629. Second-degree murder, a lesser-included offense, is homicide "without premeditation." *Id.* However, "[p]roper jury instructions on second-degree murder do not list 'without premeditation' as an element of the offense that the state must prove." *Id.*

¶11　　　Similarly, a "sudden quarrel or heat of passion resulting from adequate provocation by the victim" distinguishes the offense of provocation manslaughter from second degree murder. As in *Kamai*, the phrase does not "describe an element of the crime which the state must prove." *Id.* at 622, 911 P.2d at 628. Provocation manslaughter is comprised solely of elements of the greater offense of second degree murder.

¶12　　　Lua does not contend the trial evidence was insufficient for jurors to find the "different circumstance" of "sudden quarrel or heat of passion resulting from adequate provocation by the victim." A.R.S. § 13-1103(A)(2); *see Kamai*, 184 Ariz. at 622, 911 P.2d at 628 ("The propriety of giving a jury instruction on a lesser included offense depends upon whether the offense is a lesser included offense of the crime charged and whether the evidence supports the giving of the instruction."). Under the facts of this case, the trial court properly instructed the jury regarding attempted provocation manslaughter as a lesser-included offense of attempted second degree murder.

**CONCLUSION**

¶**13**　　　　For the reasons stated, we affirm Lua's convictions and sentences for two counts of attempted manslaughter.



Ruth A. Willingham · Clerk of the Court
FILED: gsh