**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10048 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-00874-JGZ-DTF-1 |
| v. | |
| EDUARDO MENDOZA-LARES, AKA Juan Cortez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted March 12, 2015[**]
San Francisco, California

Before: BERZON, BYBEE, and OWENS, Circuit Judges.

Appellant Eduardo Mendoza-Lares, aka Juan Cortez, pleaded guilty to a

charge of unlawful presence after having been previously deported, a violation of 8

U.S.C. § 1326(a) as enhanced by § 1326(b)(2). He appeals the imposition of a 16-

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

level sentence enhancement under section 2L1.2(b)(1)(A)(ii) of the Federal

Sentencing Guidelines ("Guidelines") on the grounds that the district court erred in

classifying his previous Arizona manslaughter conviction as a crime of violence.

**1.** The district court did not err in concluding that Mendoza-Lares's Arizona

manslaughter conviction is a crime of violence for purposes of Guidelines section

2L1.2(b)(1)(A)(ii). Manslaughter is one of several enumerated offenses the

Guidelines specifically identify as a crime of violence. U.S. Sentencing Guidelines

Manual § 2L1.2 app. 1(B)(iii) (2014). The generic definition of manslaughter

incorporates, at most, a *mens rea* of recklessness. *See United States v. Gomez-

Leon*, 545 F.3d 777, 791 (9th Cir. 2008).

The Arizona statute under which Mendoza-Lares was convicted defines

manslaughter as, in relevant part, "(1) [r]ecklessly causing the death of another

person; or (2) [c]ommitting second degree murder as prescribed in § 13-1104,

subsection A upon a sudden quarrel or heat of passion resulting from adequate

provocation by the victim." Ariz. Rev. Stat. § 13-1103(A). To convict a defendant

of manslaughter under section 13-1103(A)(2) for second-degree murder "upon a

sudden quarrel or heat of passion," the state must prove all "the mandatory

elements of second-degree murder" in addition to a mitigating circumstance of a

sudden quarrel or heat of passion. *State v. Ruiz*, 340 P.3d 396, 400 (Ariz. Ct. App.

2

2014) (citing *Peak v. Acuna*, 50 P.3d 833, 834 (Ariz. 2002) (en banc)). The minimum qualifying *mens rea* under Arizona's second degree murder statute is recklessness "[u]nder circumstances manifesting extreme indifference to human life," Ariz. Rev. Stat. § 13-1104(A)(3), a "more culpable mental state" than the *mens rea* required by section 13-1103(A)(1).[1] *State v. Walton*, 650 P.2d 1264, 1273 (Ariz. Ct. App. 1982). Thus, the Arizona manslaughter statute, in relevant part, requires at least a *mens rea* of recklessness and is categorically a crime of violence under Guidelines section 2L1.2(b)(1)(A)(ii).

AFFIRMED.

---

[1] Arizona's definition of recklessness "means, with respect to a result or to a circumstance described by a statute defining an offense, that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists," where "disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." Ariz. Rev. Stat. § 13-105(10)(c). That definition comports with the generic recklessness standard requiring "conduct that involves both (1) 'a high degree of risk of death or serious bodily injury, in addition to the unreasonable risk required for ordinary negligence' or a gross deviation from the ordinary standard of care and (2) that the defendant be 'aware of the fact that his conduct creates this risk.'" *Gomez-Leon*, 545 F.3d at 791 n.11 (quoting 2 Wayne R. LaFave, *Substantive Criminal Law* § 15.4(a) (2d ed. 2007)).