IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

STATE OF ARIZONA,
*Appellee,*

*v.*

CHRISTOPHER E. LUA,
*Appellant.*

No. CR-14-0283-PR
Filed June 19, 2015

Appeal from the Superior Court in Mohave County
The Honorable Steven F. Conn, Judge
No. CR201000834
**AFFIRMED**

Opinion of the Court of Appeals, Division One
235 Ariz. 261, 330 P.3d 1018 (App. 2014)
**VACATED**

COUNSEL:

Mark Brnovich, Arizona Attorney General, John R. Lopez IV, Solicitor General, Joseph T. Maziarz, Chief Counsel, Criminal Appeals Section, Linley Wilson (argued), Assistant Attorney General, Phoenix, Attorneys for State of Arizona

Barbara Cook-Hamp, Legal Advocate, Jill L. Evans (argued), Deputy Legal Advocate, Kingman, Attorneys for Christopher E. Lua

VICE CHIEF JUSTICE PELANDER authored the opinion of the Court, in which CHIEF JUSTICE BALES, JUSTICES BERCH, BRUTINEL, and TIMMER joined.

VICE CHIEF JUSTICE PELANDER, opinion of the Court:

¶1      We address in this case whether, in a prosecution for second-degree murder, the trial court may instruct the jury on manslaughter over a defendant's objection if the evidence supports a finding that the killing occurred "upon a sudden quarrel or heat of passion resulting from adequate provocation by the victim" ("provocation manslaughter") under A.R.S. § 13-1103(A)(2). We hold that the court may give such an instruction.

## I.

¶2      Christopher Lua was tried on two counts of attempted second-degree murder and other charges. At the close of evidence, the trial court, over Lua's objection, instructed the jury on attempted provocation manslaughter, which the court ruled was a lesser-included offense of attempted second-degree murder. Lua was convicted of both counts of attempted provocation manslaughter.

¶3      The court of appeals affirmed, holding that the jury instruction was proper because provocation manslaughter is a lesser-included offense of second-degree murder and the evidence supported the instruction, a point Lua did not dispute. *State v. Lua*, 235 Ariz. 261, 261 ¶ 1, 264 ¶ 12, 330 P.3d 1018, 1018, 1021 (App. 2014). In doing so, the court rejected Lua's argument that *Peak v. Acuna*, 203 Ariz. 83, 50 P.3d 833 (2002), "stands for the proposition that provocation manslaughter is not a lesser-included offense of second-degree murder." *Id.* at 263 ¶ 8, 330 P.3d at 1020.

¶4      We granted review because the issue raised is recurring and of statewide importance. We have jurisdiction pursuant to Article 6, Section 5(3), of the Arizona Constitution and A.R.S. § 12-120.24.

## II.

¶5      An instruction on an offense other than that charged is proper if the offense is included within the charged offense and the evidence supports giving the instruction. *See State v. Miranda*, 200 Ariz. 67, 68 ¶ 2, 22 P.3d 506, 507 (2001); *see also* Ariz. R. Crim. P. 23.3 (requiring court to submit jury verdict forms "for all offenses necessarily included in the offense charged," including an attempt to commit the offense if such attempt is a crime); *State v. Valenzuela*, 194 Ariz. 404, 406 ¶ 10, 984 P.2d 12, 14 (1999). Whether an offense is included within another is a question of statutory interpretation that we review de novo. *State v. Geeslin*, 223 Ariz. 553, 555 ¶ 9, 225 P.3d 1129, 1131 (2010).

2

## A.

**¶6**     A person commits second-degree murder, a class 1 felony, if, "without premeditation," the person causes the death of another "intentionally," "knowingly," or "recklessly" "[u]nder circumstances manifesting extreme indifference to human life." A.R.S. § 13-1104(A), (C).  A person commits provocation manslaughter, a class 2 felony, by "[c]ommitting second degree murder . . . upon a sudden quarrel or heat of passion resulting from adequate provocation by the victim." *Id.* § 13-1103(A)(2), (C).

**¶7**     A lesser-included offense is one "composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one." *State v. Celaya*, 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983).  Under that "elements test," provocation manslaughter is not a lesser-included offense of second-degree murder.  Although it is a lesser degree of homicide, *see* A.R.S. §§ 13-1101(2), -1103(C), -1104(C), provocation manslaughter has the same (not fewer) elements as second-degree murder, with the added mitigating "circumstance" of adequate provocation.  *See Peak*, 203 Ariz. at 84 ¶ 6, 50 P.3d at 834 ("Instead of deleting an element of the greater offense, [A.R.S. § 13-1103(A)(2)] specifies a different circumstance as a requirement to find the lesser offense.").  Thus, it is possible to commit second-degree murder without committing provocation manslaughter; one who intentionally, knowingly, or with extreme recklessness kills another without premeditation and without provocation commits second-degree murder, but does not simultaneously commit provocation manslaughter.  *See id.* at 84–85 ¶ 6, 50 P.3d at 834–35 (holding that double jeopardy did not bar retrial for second-degree murder following acquittal of provocation manslaughter because the acquittal "d[id] not necessarily mean that [Defendant] did not commit second-degree murder," rather, "[i]t might well have meant that the jury found Defendant had not acted after a sudden quarrel or in the heat of passion").

## B.

**¶8**     Lua first argues that Arizona's statutes do not allow a provocation-manslaughter instruction in a second-degree murder case unless that offense is separately charged or the defendant consents to an amendment adding that charge.  The pertinent statutes do not expressly address Lua's argument, and therefore we consider their context, historical background, spirit and purpose, and the effects and consequences of competing interpretations in determining legislative intent.  *See State ex rel. Montgomery v. Harris*, 237 Ariz. 98, 101 ¶ 13, 346 P.3d 984, 987 (2014).

¶9        Allowing a provocation-manslaughter instruction in a second-degree murder trial if the evidence warrants such an instruction comports with the framework of Arizona's homicide statutes, which provide increased punishment for progressively more serious crimes.  *See* A.R.S. §§ 13-1102 to -1105; *cf. State v. Woodall*, 155 Ariz. 1, 4, 744 P.2d 732, 735 (App. 1987) (observing that the drafters of the current homicide provisions intended that the "degree of culpable mental state" govern the degree of homicide).  The classification of provocation manslaughter as a lesser-grade felony than second-degree murder reflects a policy that those who commit second-degree murder "upon a sudden quarrel or heat of passion resulting from adequate provocation by the victim" deserve a lesser punishment.  A.R.S. § 13-1103(A)(2); *cf. id.* § 13-101(4) (declaring the "policy" and "general purposes" of the criminal code "[t]o differentiate on reasonable grounds between serious and minor offenses and to prescribe proportionate penalties for each"); *State v. Garza Rodriguez*, 164 Ariz. 107, 111, 791 P.2d 633, 637 (1990) (concluding that A.R.S. § 13-1904(A)(2) reflects the legislature's determination that those who use deadly weapons or dangerous instruments deserve a greater punishment).

¶10       Because the state is required to prove second-degree murder to obtain a provocation-manslaughter conviction, however, *see* § 13-1103(A)(2), the state has little incentive to separately charge provocation manslaughter, even if the facts warrant it.  As a practical matter, therefore, adopting Lua's argument would undermine the legislature's intent to reduce second-degree murder to manslaughter when circumstances exist to justify the less-serious charge.

¶11       Legislative history also suggests that the legislature intended to allow a provocation-manslaughter verdict in a second-degree murder case when justified by the evidence.  Before 1978, Arizona's criminal laws codified the common-law definitions of murder as "the unlawful killing of a human being with malice," and manslaughter as "the unlawful killing of a human being without malice."  *See* former A.R.S. §§ 13-451, -455, *repealed by* 1977 Ariz. Sess. Laws, ch. 142, § 15 (1st Reg. Sess.).  Under that scheme, a killing that was willful, deliberate, and premeditated, or occurred during the commission of certain specified crimes, constituted first-degree murder.  *State v. Schantz*, 98 Ariz. 200, 206, 403 P.2d 521, 524–25 (1965).  A killing that lacked willfulness, deliberation, or premeditation, and did not occur during the commission of one of the specified crimes but was accompanied by malice, constituted second-degree murder.  *Id.* at 206, 403 P.2d at 525.  And if the killing lacked the element of malice, it was still the lesser offense of manslaughter, "which if committed upon a sudden quarrel or heat of passion [wa]s known as voluntary manslaughter."  *Id.*

¶12       When the legislature adopted the current criminal code in 1977, it retained these distinctions.  It defined the "premeditation" required for first-degree murder,

A.R.S. § 13-1105(A)(1) (former § 13-452), "in terms of intention or knowledge that precedes the killing by enough time to allow reflection and exclude[d] killings that occur as a result of a sudden quarrel." *State v. Thompson*, 204 Ariz. 471, 476 ¶ 18, 65 P.3d 420, 425 (2003) (discussing A.R.S. § 13-1101(1)); *see also State v. Christensen*, 129 Ariz. 32, 35, 628 P.2d 580, 583 (1981) (noting that the current criminal code "prescribe[s] the conditions when murder may be reduced to manslaughter through the lack of reason or planning; that is, when a person acts in the heat of passion with adequate provocation"). But rather than defining manslaughter as the "unlawful killing of a human being without malice," as it had done previously, the legislature defined manslaughter in ways that gave content to the meaning of "without malice." *Cf. Christensen*, 129 Ariz. at 35, 628 P.2d at 583 ("The distinguishing characteristic between murder and manslaughter is that malice is not an element of the latter."). *Compare* A.R.S. § 13-1103(A)(2), *with State v. Mendell*, 111 Ariz. 51, 54, 523 P.2d 79, 82 (1974) ("[M]alice is implied when no considerable provocation appears . . . ." (quoting former A.R.S. § 13-451(B))). Nothing in the current statutes or their histories suggests that the legislature intended to change the former statutory distinction between second-degree murder and voluntary manslaughter or to bar a jury instruction and finding on provocation manslaughter in a second-degree murder case.

¶13 In addition to effecting the legislature's intent, our conclusion furthers the "societal interest in 'avoiding the unjustified exoneration of wrongdoers and in punishing a defendant only to the extent of his crime.'" *State v. Gipson*, 229 Ariz. 484, 487 ¶ 16, 277 P.3d 189, 192 (2012) (quoting *People v. Garcia*, 721 N.E.2d 574, 582–83 (Ill. 1999)); *accord Padie v. State*, 557 P.2d 1138, 1141–42 (Alaska 1976) (holding that the trial court must give a provocation-manslaughter instruction in a second-degree murder trial when the evidence supports such an instruction because without one, jurors may convict of second-degree murder even though, correctly instructed, they would find the defendant guilty of no crime more serious than manslaughter). Allowing juries the option of convicting on provocation manslaughter affords them a less drastic alternative than the choice between convicting and acquitting on the second-degree murder charge, and ensures the defendant has the full benefit of the reasonable doubt standard. *See Valenzuela*, 194 Ariz. at 407 ¶ 13, 984 P.2d at 15.

¶14 Our conclusion is also supported by a long line of cases in which we have approved provocation-manslaughter instructions in first- and second-degree murder trials when supported by the evidence. *See, e.g.*, *Gipson*, 229 Ariz. at 485 ¶ 4, 487 ¶ 17, 277 P.3d at 190, 192 (upholding manslaughter conviction in a first-degree murder trial when trial judge sua sponte instructed jury on provocation manslaughter over both parties' objections); *State v. Delahanty*, 226 Ariz. 502, 507 ¶ 23, 250 P.3d 1131, 1136 (2011) ("In a first degree murder trial, instructions for second degree murder, manslaughter, or negligent homicide are required when supported by the evidence."); *State v. Noleen*, 142

5

Ariz. 101, 107, 688 P.2d 993, 999 (1984) ("An accused murderer is entitled to an instruction on the lesser-included offense of manslaughter if the evidence shows the killing was done in the heat of passion . . . ."); *Antone v. State*, 49 Ariz. 168, 176, 65 P.2d 646, 649 (1937) (noting that, in a second-degree murder prosecution, it is the judge's duty to instruct on manslaughter "[w]hen the evidence shows . . . that the killing was the result of a sudden quarrel, or was committed in the heat of passion"). In addition, our conclusion is consistent with the views of other courts that have interpreted similar statutes. *See State v. Smith*, 822 N.W.2d 401, 416–17 (Neb. 2012) (concluding that a voluntary-manslaughter instruction is appropriate in a second-degree murder trial when there is evidence that the defendant acted under the provocation of a sudden quarrel, notwithstanding that voluntary manslaughter, as defined by statute, is not a lesser-included offense of second-degree murder); *State v. Shane*, 590 N.E.2d 272, 274–75 (Ohio 1992) (same, in a murder prosecution).

## C.

¶15        Lua also argues that by instructing the jury on provocation manslaughter over his objection, the trial court "constructively amended the indictment" in violation of Arizona Rules of Criminal Procedure 13.2(c) and 23.3, and the Sixth Amendment's notice requirement. We disagree.

¶16        Rules 13.2(c) and 23.3 relate to charging documents and jury verdict forms and address offenses that are "necessarily included" in the offense charged. *See* Ariz. R. Crim. P. 13.2(c), 23.3. Those two rules are not implicated here because provocation manslaughter is not a lesser- or necessarily included offense of second-degree murder, but merely a less serious offense. *See Gipson*, 229 Ariz. at 486 ¶ 14 n.2, 277 P.3d at 191 n.2 ("An offense is necessarily included 'when it is lesser included' and 'the facts of the case as presented at trial are such that a jury could reasonably find that only the elements of a lesser offense have been proved.'" (quoting *State v. Wall*, 212 Ariz. 1, 3 ¶ 14, 126 P.3d 148, 150 (2006))). Neither rule precludes a trial judge from instructing a jury on and submitting a verdict form for provocation manslaughter when the indictment charges only second-degree murder but the evidence supports the less serious charge. *Cf. id.* at 486–87 ¶ 14, 277 P.3d at 191–92 (rejecting the argument that Rules 13.2(c) and 23.3 preclude a trial judge in a first-degree murder trial from instructing on provocation manslaughter over both parties' objections). Indeed, the trial court complied with the second sentence of Rule 23.3 by submitting a verdict form for attempted provocation manslaughter. *See* Ariz. R. Crim. P. 23.3 ("The defendant may not be found guilty of any offense for which no form of verdict has been submitted to the jury.").

**¶17**       Nor is the Sixth Amendment violated where, as here, the defendant "had actual notice of the charge, from either the indictment *or other sources*," and is therefore not "actually prejudiced by a new or amended charge." *State v. Freeney*, 223 Ariz. 110, 115 ¶ 29, 219 P.3d 1039, 1044 (2009) (emphasis added); *see also id.* at ¶¶ 28, 30 (finding no Sixth Amendment violation when defendant "never suggested that the amendment affected, let alone prejudiced, his litigation strategy, trial preparation, examination of witnesses, or argument" and did not "request a trial continuance or recess"); *cf. State v. Hutton*, 143 Ariz. 386, 389–90, 694 P.2d 216, 219–20 (1985) (holding that a defendant on trial for first-degree murder is on notice that he may be convicted of provocation manslaughter).

**¶18**       This case differs markedly from *Freeney*, in which the state's amendment during trial "changed the nature of the offense and therefore violated Rule 13.5(b)," a rule that has not been argued in this case at any level. 223 Ariz. at 111 ¶ 2, 219 P.3d at 1040. Although provocation manslaughter requires proof of the additional circumstance set forth in § 13-1103(A)(2), it does not substantively change the nature of second-degree murder in a way that requires it to be separately charged, either initially or by amendment. Given Arizona's statutory history and our case law, defendants charged with second-degree murder have sufficient notice that they may be convicted of provocation manslaughter when the evidence justifies an instruction on that separate, less serious offense.

### D.

**¶19**       Having concluded that provocation manslaughter is not a lesser-included offense of second-degree murder, we further observe that our holding in *State v. LeBlanc* does not apply if a provocation-manslaughter instruction is given. 186 Ariz. 437, 438, 440, 924 P.2d 441, 442, 444 (1996) (stating that a "jury may deliberate on a lesser offense if it either (1) finds the defendant not guilty on the greater charge, or (2) after reasonable efforts cannot agree whether to acquit or convict on that charge," and directing trial courts to give this "'reasonable efforts' instruction in every criminal case involving lesser-included offenses"); *cf. State v. Eddington*, 226 Ariz. 72, 81–82 ¶ 31, 244 P.3d 76, 85–86 (App. 2010) (noting the "logically compelling" argument that "a jury literally following the *LeBlanc* instruction would never reach the issue of adequate provocation in order to find a defendant guilty of manslaughter under § 13-1103(A)(2) rather than second-degree murder," assuming the former is a lesser-included offense of the latter). But because we now clarify that a provocation-manslaughter instruction is appropriate in a second-degree murder trial if supported by the evidence, to alleviate future confusion, we briefly address the form the instruction should take.

¶20      In a second-degree murder prosecution, when there is evidence that the homicide was committed upon a sudden quarrel or heat of passion resulting from adequate provocation by the victim, the following instruction should be given:

> If you find the elements of second-degree murder proven beyond a reasonable doubt, you must consider whether the homicide was committed upon a sudden quarrel or heat of passion resulting from adequate provocation by the victim.  If you unanimously find that the homicide was committed upon a sudden quarrel or heat of passion resulting from adequate provocation by the victim, then you must find the defendant guilty of manslaughter rather than second-degree murder.

RAJI (Standard Criminal) 11.04 (3d ed.).  This instruction ensures that the jury will consider whether the circumstance differentiating second-degree murder from provocation manslaughter is present, thus justifying a finding of guilt on the less serious offense.  *Id.* cmt.

### III.

¶21      For the foregoing reasons, we affirm Lua's convictions and sentences for two counts of attempted manslaughter.  Although we agree with the result reached by the court of appeals, we disagree with some of its reasoning and therefore vacate its opinion.