NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TYRE JIMON HENDRIX, *Appellant*.

No. 1 CA-CR 24-0568

FILED 07-15-2025

Appeal from the Superior Court in Mohave County
No. S8015CR202301106
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Phillip A. Tomas
*Counsel for Appellee*

Mohave County Public Defender's Office, Kingman
By Ross S. Carponelli
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Angela K. Paton joined.

---

**T H U M M A**, Judge:

¶1　　　　Defendant Tyre Jimon Hendrix challenges his conviction and resulting sentence for burglary, arguing his actions were justified by necessity and the court erred by not instructing the jury on criminal trespass as a lesser-included offense. Because Hendrix has shown no error, his conviction and sentence are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2　　　　On June 10, 2023, footage from security cameras captured a man kicking in and shattering the glass door of a home in Mohave County; entering the home holding something resembling a weapon; ransacking the pantry, kitchen, living room, bedrooms and bathroom; and stating "if I find 70 bucks, I'll leave right now. I promise you that." At the time, the victim homeowners were camping remotely. Days later, when the victims regained cell service, they received a notification of the incident and notified the police. The victims provided a list of items stolen from the home and a shirt that was left at the home, which was similar to the distinct shirt worn by the man in the footage. The police collected fingerprints, which matched Hendrix' fingerprints. Hendrix was indicted for one count of burglary in the second degree, a Class 3 felony, with the State alleging aggravating circumstances.

¶3　　　　Hendrix' notice of defenses included justification. In the notice, his police interview and at trial, Hendrix claimed he was looking for help and shelter from the heat and that he only took bottles of water and popsicles.

¶4　　　　Hendrix filed a motion for the superior court to instruct the jury on a lesser-included offense of criminal trespass and repeated the request at trial. The court, however, denied the request, stating "[t]he case law in Arizona is clear and consistent that trespass is not a lesser-included offense of burglary." The final jury instructions given did not include criminal trespass as a lesser-included offense.

¶5　　　　The jury found Hendrix guilty as charged, also finding three aggravating circumstances. Given his prior criminal history, and the aggravating circumstances, the court sentenced Hendrix to an 18 year prison sentence. Hendrix timely filed a notice of appeal. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12-120.21, 13-4031 and 13-4033(A) (2025).[1]

## DISCUSSION

### I.　　Sufficient Trial Evidence Supports the Burglary Conviction.

¶6　　　　Hendrix notes, in passing, that "[t]he evidence presented at trial was sufficient to prove [he] knew he was not allowed on the victim's property yet was justified by entering the home out of necessity." Hendrix has waived this argument by failing to develop it. *See State v. Sanchez*, 200 Ariz. 163, 166 ¶ 8 (App. 2001). The record also contains "substantial evidence support[ing] the jury's verdict, viewing the facts in the light most favorable to sustaining the jury verdict." *State v. Crain*, 250 Ariz. 387, 399 ¶ 50 (2021) (citations omitted). Hendrix admits he knew he was not allowed on the property. There is also sufficient evidence that Hendrix entered the home with the intent to commit a theft, meaning the jury properly could have rejected his necessity defense. Sufficient trial evidence supports the burglary conviction.

### II.　　Hendrix has Shown no Instructional Error.

¶7　　　　Hendrix argues the superior court erred in refusing to give his requested trespass jury instruction as a lesser-included offense of burglary. A defendant is "not entitled to an instruction on an uncharged offense that does not qualify as a lesser-included offense, even if he might have been charged and convicted of [that] offense." *State v. Gonzales*, 221 Ariz. 82, 84 ¶ 8 (App. 2009) (citations omitted). This court reviews de novo whether it was error to refuse to give a requested lesser-included offense jury instruction. *State v. Lua*, 237 Ariz. 301, 303 ¶ 5 (2015) (citing cases).

¶8　　　　In determining whether a defendant is entitled to a lesser-included offense instruction, Arizona applies the "same-elements test," which considers "whether each provision requires proof of a fact which the other does not." *State v. Agueda*, 253 Ariz. 388, 390 ¶¶ 12–13 (2022) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). Under this test, "[a]

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

lesser-included offense is one composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one." *State v. Lua*, 237 Ariz. 301, 303 ¶ 7 (2015) (citation omitted). Comparing the statutory definitions of burglary and criminal trespass shows that the latter is not a lesser-included offense of the former.

¶9 As applicable here, a person commits burglary in the second degree by "[e]ntering or remaining unlawfully in or on a residential structure with the intent to commit any theft or any felony therein." A.R.S. § 13-1507(A). By contrast, a person commits criminal trespass in the second degree by "knowingly entering or remaining unlawfully in or on any nonresidential structure or in any fenced commercial yard." A.R.S. § 13-1503(A). "Arizona courts have consistently held that criminal trespass is not a lesser-included offense of burglary." *State v. Kozan*, 146 Ariz. 427, 429 (App. 1985) (citations omitted); *see also State v. Lewis*, 236 Ariz. 336, 347 ¶ 48 (App. 2014).

¶10 Citing a Tennessee Supreme Court case, *State v. Terry*, 118 S.W.3d 355 (Tenn. 2003), Hendrix asks this court to adopt Tennessee's "lesser kind of culpability" test, arguing Arizona's *Blockburger* test "conflicts with the 2015 holding in *Lua*." But Arizona's same-elements test, based on *Blockburger* and reflected in *Lua* and *Agueda*, does not include Tennessee's "lesser kind of culpability" test. This binding Arizona precedent requires this court to apply the same-elements test. *See State v. Sullivan*, 205 Ariz. 285, 288 ¶ 15 (App. 2003).

¶11 Hendrix also argues "[t]he legislature has agreed that the consequences are less serious to unlawfully enter someone else's yard or structure and remain therein as opposed to intentionally commit a theft or felony within." That argument, however, does not address whether trespass is a lesser-included offense of burglary. Indeed, there are many offenses that are "less serious" than other offenses, but that fact does not mean the less serious offense is a lesser-included offense of a more serious offense.

¶12 Hendrix next argues that "burglary in the second degree and criminal trespass in the first degree" each stem "from the circumstance in which a criminal defendant is knowingly unlawfully present in or on the residential yard of another, despite a lack of permission to be there." But, as the Arizona Supreme Court concluded decades ago, it is possible to commit burglary without committing criminal trespass, meaning criminal trespass is not a lesser-included offense of burglary. *See State v. Malloy*, 131

Ariz. 125, 130–31 (1981) ("'knowingly' as used in the criminal trespass statute must have some additional meaning . . . 'entering or remaining unlawfully' is not modified by the term 'knowingly', in order to convict a defendant of burglary in the third degree.").

¶13　　　　Hendrix also argues that the superior court acknowledged an instruction on trespass "was proper" by stating "the request for [] trespass is because the defense would be the defendant did in fact enter and remain unlawfully in the victims' residence, however he had no intent to commit a theft or felony therein, therefore it's not a burglary, it's only a trespass." But the court's statement was to explain that:

> If the jury determines the defendant did not have the specific intent to commit a theft or felony when he was in the residence, then they would have to find him not guilty of burglary anyway. So it may not be in the defendant's best interest to have trespass lesser included, because it's prison anyway if he gets convicted.

Because trespass is not a lesser-included offense of burglary, Hendrix was not entitled to a trespass jury instruction. *Lewis*, 236 Ariz. at 347 ¶ 46. Nor has Hendrix shown that the refusal to give a jury instruction on trespass "is a fundamental violation of the right of due process." Accordingly, Hendrix has shown no error.

## CONCLUSION

¶14　　　　Hendrix' conviction and resulting sentence are affirmed.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:　　　　JR